UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Edbert Neal Williams,** | Civil No. 15-CV-4042 (SRN/FLN) |
| **Petitioner,** | |
| v. | **ORDER TO SUPPLEMENT THE RECORD** |
| **Michelle Smith, Warden Oak Park Heights Correctional Facility, Minnesota,** | |
| **Respondent**. | |

_____

Zachary A. Longsdorf, Longsdorf Law Firm, PLC, 5854 Blackshire Path, Suite 3, Inver Grove Heights, Minnesota 55076, for Petitioner

James B. Early and Matthew Frank, Minnesota Attorney General's Office, Suite 1800, 445 Minnesota Street, Suite 1800, St. Paul, Minnesota 55101; Peter R. Marker, Ramsey County Attorney's Office, 345 Wabasha Street North, Suite 120, St. Paul, Minnesota 55102, for Respondent

_____

SUSAN RICHARD NELSON, United States District Judge

This matter is before the undersigned United States District Judge for consideration of Petitioner Edbert Neal Williams' Objections [Doc. No. 16] to United States Magistrate Judge Franklin L. Noel's March 3, 2016 Report and Recommendation [Doc. No. 15] ("R&R"). The Magistrate Judge recommended that Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1] ("Habeas Petition") be denied, Respondent Michelle Smith's Motion to Dismiss [Doc. No. 11] be granted, and the action be dismissed with prejudice.

1

The district court reviews de novo those portions of the R&R to which a specific objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)©; accord D. Minn. LR 72.2(b).  For the reasons discussed below, because the record before the Court is not sufficiently developed, the Court directs the parties to supplement the record with additional documentation and supplemental briefing regarding equitable tolling based on mental impairment.  Additionally, in their supplemental briefing, the parties are directed to address whether the state procedural rule in State v. Knaffla, 243 N.W.2d 737 (1976), applies.

## I.     BACKGROUND

### A.     State Court Proceedings

In 1996, a Ramsey County District Court jury convicted Petitioner of first-degree premeditated murder in the death of his former girlfriend's grandmother, Genelda Campeau, and of first-degree attempted murder of his former girlfriend, Shelly Campeau. Williams v. State (Williams III), 869 N.W.2d 316, 317 (Minn. 2015).  The Minnesota Supreme Court affirmed both convictions on direct appeal.  State v. Williams (Williams I), 593 N.W.2d 227, 239 (Minn. 1999).  On October 4, 1999, the United States Supreme Court denied Williams' petition for a writ of certiorari.  Williams v. Minn., 528 U.S. 874 (1999).

In 2003, Williams filed an initial postconviction petition.  Williams v. State (Williams II), 692 N.W.2d 893 (2005).  In this first postconviction petition, Williams

2

sought a new trial based on the recantation of the testimony of a trial witness and newly discovered evidence that others had allegedly conspired to commit the crimes.  (See Pet. at 3 [Doc. No. 1].)   Following an evidentiary hearing, the postconviction court, which was also the trial court, denied Williams' petition.  Williams II, 692 N.W.2d at 896.  On March 10, 2005, the Minnesota Supreme Court affirmed the denial of postconviction relief.  Id. at 897.

Ten years later, in 2013, Williams filed a second postconviction petition, pro se, asserting claims of ineffective assistance of trial and appellate counsel.  (Filing Cover Letter & Mem., Resp't's Ex. [Doc. No. 12-1 at 1-53].)  The postconviction court was again the trial court, the Ramsey County District Court.  The postconviction court declined to hold an evidentiary hearing, finding Williams' petition procedurally barred under Knaffla.  Williams III, 869 N.W.2d at 317.  The court determined that because Williams could have raised the ineffective assistance claims in his first postconviction petition in 2003, he was procedurally barred from doing so in 2013.  Id. at 318.

In addition, the court found Williams' claims were time-barred under Minnesota's two-year limitations period for filing a postconviction petition.  Id. (citing Minn. Stat. § 590.01, subd. 4.)  The postconviction court further rejected Williams' argument that mental illness prevented him from complying with the state statute of limitations.  Id.  To the contrary, the court found that Williams had been sufficiently competent to file several appeals during his incarceration including his direct appeal, the first postconviction petition, and an appeal of the first postconviction order.  Id. at 317.

The Minnesota Supreme Court affirmed the postconviction court's ruling. Id. It found that Knaffla barred Williams' claims. Id. Moreover, the court held that Williams was not entitled to an evidentiary hearing on his ineffective assistance claims, because a postconviction petitioner is not entitled to an evidentiary haring on claims that are Knaffla-barred. Id. (citing Buckingham v. State, 799 N.W.2d 229, 233-34 (Minn. 2011)). The Minnesota Supreme Court also rejected Williams' argument for tolling of the statute of limitations based on his mental illness, finding that "although there is some documentation in the record indicating that Williams suffers from mental illness, there is no evidence supporting his claim that mental illness prevented him from raising these [ineffective assistance of counsel] claims in his 2003 petition." Id.

### B.      Section 2254 Habeas Petition

On November 6, 2015, Williams, currently an inmate at the Minnesota Correctional Facility in Oak Park Heights, Minnesota ("MCF-Oak Park Heights"), filed the instant habeas corpus petition against Respondent Michelle Smith, Warden of MCF-Oak Park Heights, pursuant to 28 U.S.C. § 2254. In his petition, Williams asserts that he received ineffective assistance of counsel during trial and on appeal, in violation of his Sixth Amendment rights. (Pet. at 5 [Doc. No. 1].) As to the timeliness of his habeas petition, Williams does not concede that it is untimely. (Pet'r's Mem. at 31 [Doc. No. 3].) However, to the extent that it is untimely, Williams seeks equitable tolling of the limitations period based on two theories: mental impairment and actual innocence. (Id. at 31-36.)

On December 15, 2015, Respondent moved to dismiss the habeas petition, arguing that under the one-year federal statute of limitations applicable to habeas corpus petitions filed by state prisoners, Williams' Petition was untimely by over 15 years.  (Resp't's Mot. to Dismiss at 3 [Doc. No. 11]) (citing 28 U.S.C. § 2244(d)(1)(A)).  As to Williams' request for equitable tolling, while "[he] unquestionably has mental health concerns," Respondent contends that "he does not come close to meeting the high bar for equitable tolling based on a prisoner's mental illness, and any equitable tolling . . . certainly has not been established for the entire 15 years since the conclusion of his direct appeal in state court."  (Id. at 4.)

Respondent attached to her motion several exhibits pertaining to Williams' mental health that Williams himself had submitted pro se to the postconviction court in support of his second postconviction petition.  (Resp't's Exs. [Doc. No. 12-1].)  In addition to Petitioner's pro se 2013 second postconviction brief (id. [Doc. No. 12-1 at 2-32], the exhibits include an October 3, 2013 affidavit from Petitioner, asserting that certain administered drugs caused a "state of mental incapacitation" during his imprisonment, "esp. 2006 through 2012," which "rendered him unable to pursue his legal rights in a timely manner," (id. [Doc. No. 12-1 at 33-34]), three medical records from 1997 to 1998, (id. [Doc. No. 12-1 at 35-40]), a 2013 medical evaluation, (id. [Doc. No. 12-1 at 41-44]), and documentation from January 2013 in support of a petition for judicial commitment, (id. [Doc. No. 12-1 at 45-53]).

In opposition to Respondent's Motion to Dismiss, Williams argued that he is

5

entitled to equitable tolling based on his mental illness and actual innocence. (Pet'r's Opp'n Mem. at 2-4; 10-11 [Doc. No. 13].) Williams provided a limited number of exhibits in support of his opposition brief, attaching eleven pages of state court docket print-outs. (See Exs. 1-10 [Doc. No. 13-2].) The docket entries reflect various periods of civil commitment during Williams' imprisonment. (See id.)

### C.    R&R

On March 4, 2016, Magistrate Judge Noel issued the R&R, recommending that Respondent's Motion to Dismiss be granted, Petitioner's Habeas Petition be denied, and this action be dismissed with prejudice. (R&R at 7 [Doc. No. 15].) The magistrate judge observed that William's Petition was approximately 15 years overdue. (Id. at 6.) While noting that Williams has frequently been civilly committed due to mental impairments, the magistrate judge found that Williams had not been continuously committed during the years of his imprisonment. (Id.) Moreover, the magistrate judge observed that during that time period, Williams was able to obtain counsel to file his first post-conviction petition in 2003 and he filed a second petition, pro se, in 2013. (Id. at 7.) Magistrate Judge Noel concluded that Petitioner's claims were time-barred under 28 U.S.C. § 2244. (Id.)

Petitioner filed his Objections to the R&R on March 17, 2016. Williams argues that the magistrate judge failed to address the merits of his claim, but instead recommended its dismissal as untimely, without affording an opportunity for him to present evidence and testimony to support his request for equitable tolling. (Obj. at 1

[Doc. No. 16].) Specifically, Williams argues that: (1) there is sufficient evidence to support his request for equitable tolling based on mental illness; (2) he should be granted a hearing to present evidence and testimony in support of his request for equitable tolling on this basis; and (3) the magistrate judge failed to address his argument for tolling based on his claim of actual innocence. (Id. at 2-8.) Respondent neither objected to the R&R nor responded to Petitioner's Objections.

## II.    DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244, federal court habeas review of state court criminal convictions resulting in incarceration is limited and is subject to a one-year limitations period. 28 U.S.C. § 2244(d). The AEDPA provides:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>  (d)(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As an initial matter, Williams does not identify which provision of § 2244(d) triggers the limitations period for his ineffective assistance claim. Respondent assumes that § 2244(d)(1)(A) applies. (Resp't's Mot. to Dismiss at 3 [Doc. No. 11].)

Because nothing in the record indicates that any state-created impediment prevented Petitioner from filing a § 2254 petition, § 2244(d)(1)(B) is inapplicable. Nor does Petitioner assert a violation of a newly-recognized constitutional right made retroactive to his case on collateral review, ruling out § 2244(d)(1)©. Therefore, by the process of elimination, either § 2254(d)(1)(A) or (D) will determine the limitations period.

Williams states in his Petition that "[t]he first factual basis for Petitioner's claims did not become available until after trial. At that time, he had counsel who pursued the claim seeking a new trial based on the newly discovered evidence." (Pet. at 8 [Doc. No. 1].) He further indicates that it was "[d]uring postconviction investigation" that he learned the facts that partly underlie his claim of ineffective assistance of counsel. (Id. at 5.) Specifically, Williams asserts that his trial counsel failed to investigate and present evidence of an alternate perpetrator – evidence that Williams discovered during the period of his first postconviction investigation. (Id.) He also asserts ineffective assistance of

8

appellate counsel when this issue was not raised, presumably on his direct appeal. (Id.)

These allegations appear to implicate § 2244(d)(1)(D), under which the habeas statute of limitations begins to run when the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). As Williams himself acknowledges, he submitted this newly discovered evidence as the basis for his first postconviction petition in 2003. (Pet. at 5 [Doc. No. 1].) Because Petitioner commenced postconviction proceedings involving this newly discovered evidence, the period of time during which he pursued state postconviction relief does not count against the one-year statute of limitations. Mills v. Norris, 187 F.3d 881, 883–84 (8th Cir. 1999) (holding that the statute of limitations remains tolled during the entire period of time that such collateral proceedings are pending in any state court, including the state appellate courts). The postconviction court denied Williams' first postconviction petition, following an evidentiary hearing, Williams II, 692 N.W.2d at 895, and the Minnesota Supreme Court affirmed the denial of the first postconviction petition on March 10, 2005. Id. at 895-96. Assuming that Williams invokes § 2244(d)(1)(D), it appears that the statute began to run on the failure-to-investigate portion of Petitioner's ineffective assistance claim on March 10, 2005 and expired one year later on March 10, 2006. See Snow v. Ault, 238 F.3d 1033, 1035 (8th Cir. 2001) (holding that statutory tolling under the AEDPA for the time period during which state postconviction relief is pending does not include 90-day period during which a writ of certiorari could have been sought after the decision becomes final in the state system).

Williams also contends that he "received ineffective assistance of counsel when his trial counsel prevented him from testifying." (Pet. at 5 [Doc. No. 1].) As to this basis of his ineffective assistance claim, § 2244(d)(1)(D) does not appear to apply, as this factual predicate was known or could have been discovered before the conclusion of direct review in state court. Instead, under § 2244(d)(1)(A), the statute of limitations started running as to this basis on October 4, 1999 – the date on which the United States Supreme Court denied Williams' petition for certiorari. See Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998) (finding that § 2244(d)(1)(A) is triggered by the conclusion of all state court direct appeals, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court).[1] By the Court's estimation, the statute would have expired on October 4, 2000.

### A.   Equitable Tolling

Because § 2244(d) is not a jurisdictional bar, but is a statute of limitations, a habeas petitioner may be entitled to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). Equitable tolling is available only if a petitioner shows that: (1) he has diligently pursued his rights; and (2) some extraordinary circumstance beyond his control prevented timely filing. Nelson v. Norris, 618 F.3d 886, 892 (8th Cir. 2010) (citing Holland, 560 U.S. at 649).

The Eighth Circuit has observed that "mental impairment can be an extraordinary

---

[1] In the R&R, the magistrate judge appears to have relied on § 2244(d)(1)(A), as he observed that the Petition is approximately 15 years overdue. (R&R at 6 [Doc. No. 15].)

circumstance interrupting the limitations period," provided that it is of sufficient "degree and duration." Nichols v. Dormire, 11 Fed. App'x 633 (8th Cir. 2001). This Court has previously noted that a particularized showing is necessary to establish equitable tolling based on a mental impairment:

> [M]ental illness does not toll a filing deadline per se; determining whether equitable tolling is warranted in a given situation is a 'highly case-specific inquiry.' The burden of demonstrating the appropriateness of equitable tolling for mental illness lies with the plaintiff; in order to carry this burden, she must offer a 'particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights.' Therefore, in order to justify tolling of the AEDPA one-year statute of limitations due to mental illness, a habeas petitioner must demonstrate that her particular disability constituted an 'extraordinary circumstance' severely impairing her ability to comply with the filing deadline, despite her diligent efforts to do so.

Waddell v. Symmes, No. 09-CV-147, 2010 WL 5804974, at *8 (D. Minn. Nov. 30, 2010) (citing Bolarinwa v. Williams, 593 F.3d 226, 232 (2d Cir. 2010) (internal citations omitted)), R&R adopted, No. 09-CV-417 JNE/AJB, 2011 WL 573585 (D. Minn. Feb. 14, 2011), aff'd, 446 F. App'x 821 (8th Cir. 2012).

Here, there is only general evidence in the form of a 2013 psychiatric evaluation containing some historical information that Petitioner has suffered from serious mental illness, including paranoia and depression, psychotic disorder, suicidal ideation, antisocial personality disorder, and a "long history of problems with paranoid schizophrenia." (See Resp't's Ex. [Doc. No. 12-1 at 35; 40-43].) The Court, however, must focus on the applicable statutory time periods and determine whether Williams has demonstrated that he suffered from sufficiently severe impairments during the applicable one-year

11

limitations period or periods.  As discussed earlier, based on the Court's interpretation of Petitioner's arguments, the applicable periods appear to be: (1) from October 4, 1999 to October 4, 2000 as to ineffective assistance based on counsel's advising Petitioner against testifying; and (2) from March 10, 2005 to March 10, 2006 as to ineffective assistance based on counsel's failure to investigate.

Petitioner, however, has failed to identify the applicable provision of § 2244(d) that governs the running of the one-year limitations period.  Further, he has failed to identify the specific applicable time periods during which his impairment prevented him from seeking relief.  Williams faults Respondent and the magistrate judge for requiring him to demonstrate that he was continuously civilly committed since 1995.  (Obj. at 2 [Doc. No. 16].)  However, Williams asserts that he "has been laboring under severe and ongoing mental disorders throughout the time he has been incarcerated . . . ."  (Pet'r's Mem. at 33 [Doc. No. 3].)  This suggests that Williams is claiming a mental impairment that interfered with his ability to pursue his legal rights, running from the beginning of his imprisonment through at least the filing of his second postconviction petition, as he now claims to be taking a medication that does not affect his ability to pursue his legal rights.  (Id. at 35; Williams Aff. ¶ 7, Resp't's Ex. [Doc. No. 12-1 at 34].)

Unfortunately, there is very little evidence presently before the Court documenting Williams' mental health over the course of his imprisonment, nor is there evidence that focuses on the applicable periods.  Instead, Williams refers the Court to psychiatric evaluations from 1997 and 1998, which pre-date the limitations periods.  (Obj. at 2 [Doc.

12

No. 16]) (citing Resp't's Ex. [Doc. No. 12-1 at 35-40].) He also refers the Court to the 2013 evaluations and petitions for commitment that post-date the limitations periods, although these records at least provide some historical information and medical summaries. (Id.) (citing Resp't's Ex. [Doc. No. 12-1 at 41-49].)

As to the 1999-2000 time frame, a Minnesota state court docket shows that civil commitment proceedings concerning Williams were initiated in July 1999. (See In re: Edbert Neal Williams, No. 82-P1-99-400190 (Wash. Cnty. July 8, 1999), Pet'r's Ex. 3 [Doc. No. 14 at 7].) Petitioner also received treatment at the Oak Park Heights Mental Health Unit from July 1, 1999 through September 30, 1999 and from December 1, 1999 through December 6, 1999. (Resp't's Ex. [Doc. No. 12-1 at 41-42].) In August 1999, a "Jarvis hearing" was held.[2] (Id.) The commitment proceeding appears to have closed on November 5, 1999, although a Change of Status Report was filed approximately one month later, on December 6, 1999. (See In re: Edbert Neal Williams, No. 82-P1-99-400190 (Wash. Cnty. July 8, 1999), Pet'r's Ex. 3 [Doc. No. 14 at 7].) While the Court can glean some information from Petitioner's docket print outs, they are woefully insufficient, as Petitioner has not submitted the underlying medical or judicial records.

In addition, there appears to be no evidence whatsoever in the record concerning Petitioner's mental health status for the ten months from January 2000 to October 2000,

---

[2] Such hearings constitute part of a judicial review process pursuant to Jarvis v. Levine, 418 N.W.2d 139 (Minn. 1988), to determine whether persons in Minnesota state custody may be involuntarily treated with neuroleptic drugs. See Iverson v. Dep't of Corrections, No. 07-CV-4710 (DSD/RLE), 2008 WL 205281, at *1 (D. Minn. Jan. 24, 2008).

when, by the Court's calculations, the first limitations period expired.

Also, while the present record demonstrates several periods of civil commitment and mental health treatment during Williams' imprisonment, there are periods of time during which there is no evidence of mental health treatment or commitment proceedings. For example, there is nothing in the record about Williams' mental condition for a four-year period from January 2000 to approximately January 2004, when civil commitment proceedings were again commenced. (See In re Edbert Neal Williams, No. 82-P8-04-000336 (Washington Cnty. Jan. 16, 2004), Pet'r's Ex. 4 [Doc. No. 14 at 9].)

As to the more recent statutory period for Williams' ineffective assistance claims based on newly discovered evidence, from March 10, 2005 to March 10, 2006, the record indicates that Williams received treatment at Oak Park Heights Mental Health Unit from November 17, 2004 though November 4, 2005. (Respt's' Ex. [Doc. No. 12-1 at 42].) In addition, civil commitment proceedings commenced in December 2004, with the docket reflecting that the case closed in July 2006. (See In re: Edbert Neal Williams, No. 82-P6-04-007530 (Wash. Cnty. Dec. 13, 2004), Pet'r's Ex. 5 [Doc. No. 14 at 11].) Again, however, the underlying medical records and court documents are not before the Court.

Documentary gaps regarding Petitioner's mental health records also appear for the year 2007 and from approximately May 2009 to April 2010. (See Pet'r's Ex. 6 [Doc. No. 14 at 14]; Resp't's Ex. [Doc. No. 12-1 at 42].)

While Williams objects that the magistrate judge recommended the denial of an evidentiary hearing regarding his equitable tolling argument based on mental impairment,

14

the evidence submitted thus far is insufficient to warrant such a hearing.  The most relevant evidence of William's mental health will likely be found in the medical records for the applicable statutory periods, and to some extent, the legal filings regarding commitment proceedings.

Not only are the applicable statutory limitations periods most relevant, but because a prisoner seeking equitable tolling must demonstrate diligence, subsequent time periods are also relevant to explain why Petitioner did not seek legal redress after the expiration of the limitations periods.  See Pace v. DiGuglielmo, 544 U.S. 408, 419 (2005) (finding petitioner did not diligently pursue his rights where he waited five months after his post-conviction proceedings became final before seeking federal habeas relief); Nelson, 618 F.3d at 893 (concluding that petitioner was not diligent in seeking habeas relief where he waited nine months to file his petition after the state supreme court denied rehearing in his post-conviction proceeding); Earl v. Fabian, 556 F.3d 717, 725 (8th Cir. 2009) (finding no diligence to warrant equitable tolling where petitioner did not file his habeas petition until eight months after receiving notice that his judgments were final, but remanding based on alternative argument for statutory tolling).

**IT IS THEREFORE ORDERED THAT:**

1. The Court directs the parties to supplement the record with submissions to the undersigned judge, as follows.  The supplemental briefing and exhibits shall be limited to:  (1) Williams' claim of equitable tolling based on mental impairment; and (2) whether the Knaffla rule procedurally bars Petitioner's

15

claims. Because the supplemental materials may include sensitive medical information, the parties may file them under seal. Petitioner shall file his submission **within 30 days**. Along with the supplemental documentary record, Petitioner shall submit a supplemental memorandum of no more than 10 pages. In his memorandum, Petitioner should identify the provision of 28 U.S.C. § 2244 that triggers the statute of limitations, identify or clarify the applicable limitations periods that he claims apply to toll the statute of limitations, and identify any and all periods for which he claims a mental impairment affected his abilities to pursue legal recourse.

2. Respondent shall respond to Petitioner's supplemental submissions **within 14 days of Petitioner's filing** in the form of a memorandum of no more than 10 pages and any supplemental exhibits, which may also be filed under seal.

3. Upon receipt of the supplemental materials, the Court will review the materials to determine whether an evidentiary hearing is necessary. If the Court finds that a hearing is unnecessary, it will rule on Defendant's Motion to Dismiss and Petitioner's Objections to the R&R based on the parties' submissions.

Dated: May 18, 2016

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge